USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 94-2176  JOSEPH ANTHONY FAUSTO, Plaintiff, Appellant, v. JOHN J. WELCH, JR., ACTING SECRETARY OF AIR FORCE, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Mark L. Wolf, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Lynch, Circuit Judges. ______________ ____________________ Joseph Anthony Fausto on brief pro se. _____________________ Donald K. Stern, United States Attorney, and Thomas E. Kanwit, ________________ _________________ Assistant United States Attorney, on brief for appellee. ____________________ August 29, 1995 ____________________ Per Curiam. Plaintiff-appellant Joseph Anthony ___________ Fausto appeals pro se from entry of summary judgment ___ __ disposing of his claim that the Air Force discriminated against him, based on his gender, when it failed to hire him as an administrative officer. For the following reasons, we affirm. I. The relevant background is fully and accurately set forth in the district court's memorandum and order, and we need only provide a brief summary here. On May 29, 1984, Fausto applied for the position of Administrative Officer, GS-11, at an Air Force facility located in Wilmington, Massachusetts. The evidence in the record establishes that Fausto was one of eight candidates interviewed for this position; that the candidates were scored after their interviews; that Fausto received the lowest score; and that Fausto's low score was due, in part, to his poor performance during his oral interview.1 There is some evidence that the highest scoring candidate, a woman, was offered the job and declined for personal reasons. In any event, none of the remaining candidates was offered the position. Instead, the job was restructured as a GS-9 developmental position,  ____________________ 1. Fausto suggests, without evidentiary basis, that the other interviewees never existed. In addition, Fausto submitted his own affidavit proclaiming that he had performed well during his oral interview.  reannounced, and eventually offered to Rosemary Tremblay, a woman who had been shouldering many of the job's responsibilities for some months. Having exhausted his administrative remedies, Fausto filed suit in the district court against defendant-appellee John J. Welch, Jr., Acting Secretary of the Air Force, alleging discriminatory treatment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e. Both parties moved for summary judgment. The district court, relying on the three-stage, burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 _________________________ _____ (1973), found that Fausto had established a prima facie case _____ _____ of discrimination. The court found, however, that the Air Force successfully had rebutted the presumption of discrimination arising from Fausto's prima facie case by _____ _____ articulating a legitimate, non-discriminatory reason for its decision, namely, Fausto's low candidate ranking. Finally, the court concluded that Fausto had failed to submit evidence sufficient to permit a reasonable factfinder to infer that the Air Force discriminated against him because he is a male. Accordingly, the court granted summary judgment in favor of the Air Force.2  ____________________ 2. Fausto also alleges in his complaint that he was the victim of retaliation for filing a complaint with the Equal Employment Opportunity Commission. The district court granted summary judgment for the Air Force on this claim on the ground that Fausto failed to present a prima facie case _____ _____ -3- II. The basic order and allocation of burdens of proof in a Title VII discriminatory treatment case was limned by the Supreme Court in McDonnell Douglas, 441 U.S. at 802-05, and _________________ expounded in St. Mary's Honor Ctr. v. Hicks, 113 S. Ct. 2742 _____________________ _____ (1993). Where, as here, there is no direct evidence of discrimination, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. See Smith _____ _____ ___ _____ v. Stratus Computer, Inc., 40 F.3d 11, 15 (1st Cir. 1994), _______________________ cert. denied, 115 S. Ct. 1958 (1995). If the plaintiff _____________ establishes a prima facie case, the burden shifts to the _____ _____ employer to articulate a legitimate, non-discriminatory reason for its decision. See Mesnick v. General Elec. Co., ___ _______ _________________ 950 F.2d 816, 823 (1st Cir. 1991), cert. denied, 504 U.S. 985 ____________ (1992). Finally, if the employer meets its burden, the plaintiff must introduce sufficient evidence to show that the employer's justification is a pretext and that the true reason for its action is discriminatory. See Smith, 40 F.3d ___ _____ at 16. We review the grant of summary judgment de novo, __ ____ viewing the evidence, and the reasonable inferences therefrom, in a light most favorable to the party resisting summary judgment. Woodman v. Haemonetics Corp., 51 F.3d _______ __________________ 1087, 1091 (1st Cir. 1995).  ____________________ of retaliation. Fausto does not argue that this was error, and we deem the issue waived.  -4- A. Defendant's Burden of Production Once Fausto made out a prima facie case of gender _____ _____ discrimination, the Air Force was required to articulate a legitimate, non-discriminatory reason for its adverse decision. Fausto argues that, in the procedural posture of a motion for summary judgment, the district court impermissibly judged the credibility of the affiants in determining that the Air Force met its burden. Fausto also contends, relying on Milton v. Weinberger, 645 F.2d 1070, 1079 (D.C. Cir. ______ __________ 1981), that his low score, relative to the other candidates who were interviewed, could not be used to justify his non- selection. These arguments fail. First, an employer's burden at the second stage is merely a burden of production; it must introduce evidence which, if "taken as true," would permit an inference that there was a non-discriminatory reason for the adverse action. Hicks, 113 _____ S. Ct. at 2748. Second, Milton is inapposite. In Milton, ______ ______ the District of Columbia Circuit held that the relative rankings of candidates before their interviews could not, alone, serve as a legitimate reason for the non-selection of the appellants where it was apparent that the selecting official did not rely solely on these rankings to make his decision. See Milton, 645 F.2d at 1079. In the instant ___ ______ case, the relative rankings introduced by the Air Force were final rankings of the candidates after their interviews. -5- Moreover, the Air Force introduced other evidence demonstrating that Fausto's interview went poorly and that the selecting officials believed he lacked the capacity to perform the job. Under the circumstances, the Air Force met its burden of production. B. Plaintiff's Burden of Showing Discriminatory Animus At the third and final stage, Fausto was required to proffer sufficient evidence to prove by a preponderance of the evidence that the Air Force's justification was merely a pretext for gender discrimination. Woodman, 51 F.3d at 1091- _______ 92. We are persuaded that Fausto failed to meet this burden essentially for the reasons stated by the district court. We add the following. Contrary to Fausto's suggestion, the fact that the Air Force redacted the names of the other candidates and identified them solely by their sex for purposes of its summary judgment motion does not support an inference that these candidates did not exist or that their scores were fabricated. See Byrd v. Ronayne, 1995 WL 461827 at *3 (1st ___ ____ _______ Cir. Aug. 9, 1995) (summary judgment cannot be defeated by reliance "upon conclusory allegations, improbable inferences, and unsupported speculation" (quoting Medina-Munoz v. R.J. ____________ ____ Reynold Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990))).  ___________________ We also reject Fausto's suggestion that summary judgment was improper because he submitted evidence from which, he -6- claims, it could be inferred that he was better qualified for the position of administrative officer than was Rosemary Tremblay.3 The unrebutted evidence that both male and female candidates were passed over in the decision to restructure the job makes improbable the inference that Tremblay was offered the position at a lower grade because of her gender. More importantly, the unrebutted evidence that Fausto had the lowest ranking of the eight candidates interviewed renders implausible the inference that gender bias was a motivating factor in the decision not to select him. Cf. Gilty v. Village of Oak Park, 919 F.2d 1247, 1253 ___ _____ ____________________ (7th Cir. 1990) (upholding grant of summary judgment where race discrimination claimant would have placed no higher than fifth on the eligibility list even in the absence of the alleged discrimination). Affirmed. ________  ____________________ 3. Fausto submitted a copy of his form SF-171, a standard government form providing detailed employment history, and a copy of Rosemary Tremblay's resume. -7-